LEOPOLD JAROSLAUSKI AND OTHERS *v.* ZACCHIUS W.
SAUNDERSON.

The plaintiffs transferred the bill of lading of one hundred barrels of flour
to the defendant, who was the assignee for the benefit of the creditors of M.
& Co., to whom the plaintiffs had given their promissory note, which M. &
Co. had indorsed to a third party. When the transfer of the bill of lading
was made, the defendant gave a receipt, by which it was stipulated that the
flour was to be used as security for the plaintiffs' note, and that the sale of it
was to be under the plaintiffs' direction.

When the note became due, no demand for its payment was made by the
holder, and the defendant, having no notice of any intention to sell the flour,
sold it, without notice to the plaintiffs.

*Held*—that this was a pledge, and the defendant had no right to sell the flour
until payment of the note was demanded, and after reasonable notice to the
plaintiffs of the intended sale.

*Held further*—that the plaintiffs, after offering to pay the note and expenses,
and after demand of the flour, might maintain an action against the defend-
ant for its conversion.

Where the cause of action is in tort, and is positively sworn to, an order of
arrest will not be disturbed on conflicting affidavits as to the right of action.

APPEAL by the defendant from an order denying a motion
to vacate order of arrest or to reduce amount of bail.

The plaintiffs were makers of a note for $562 25, due June
13, 1861. The firm of Thomas Monroe & Co. received this
note from the plaintiffs, and endorsed it to Mason, Lawrence
& Co. After the endorsement, Thomas Monroe & Co., the en-
dorsees, made an assignment to the defendant for the benefit
of their creditors. The day before the note matured, one of
the plaintiffs applied to the defendant for an extension of time
for payment.

The plaintiffs were informed that Mason, Lawrence & Co.
held the note, and that the defendant had no control over it ;
but the result of the conversation was, that the plaintiffs trans-
ferred to Saunderson a bill of lading for one hundred barrels of
flour, then in New York, subject to freight charges. The de-
fendant gave the following receipt for the bill of lading :—
"New York, June 12, 1861. Received of Jaroslauski & Bros.
"bill of lading for one hundred barrels of flour, dated Chicago,
"June 6th, per Buffalo, which I agree to hold as security for
"their note due June 13th, $562 25, the sale of which is under

Jaroslauski v. Saunderson.

" their direction.   Z. W. Saunderson, Asssignee of Thomas
" Monroe & Co."

Saunderson then informed the holders of the note of the re-
ceipt of the flour by him, and of the purpose for which he had
received it, and they withdrew the note from bank, where it
had been placed for collection.   On August 10, 1861, no de-
mand having been made on the plaintiffs for payment of the
note, and no notice of any intention to sell the flour having
been given them, the defendant sold the flour for the then
market price—viz. $4 35 per barrel.

On December 24th, 1861, the plaintiffs demanded the flour
from Saunderson, and made him an offer to pay the note and
expenses.   He informed them that he had sold the flour.   On
April 9th, 1862, the demand and offer was renewed, and the
same answer made.

Upon this the plaintiffs brought an action against Saunder-
son for converting the flour to his own use, and claimed to
recover the whole value of the flour, which they fixed at $600.
The defendant was held to bail in $600 ; and a motion was
made to discharge him, or reduce his bail.

The Court, at Special Term, denied the motion to discharge
the defendant from arrest, and refused to reduce his bail, HIL-
TON J. rendering the following opinion :

HILTON J.—The receipt given by the defendant at the time
the bill of lading for the flour was transferred to him, clearly
shows that the transfer was made and intended for collateral
security for the payment of the note held by Mason, Lawrence
& Co., to whom it had been previously transferred by Thomas
Monroe & Co.   There was no special power of sale given to the
defendant, but, on the contrary, the receipt indicates that the
plaintiffs reserved to themselves the right to control and direct
any disposition which was to be made of the flour.

The transaction was clearly a pledge, requiring a demand of
the plaintiffs to be first made for the payment of the note, to
authorize a sale of the flour ; and, in addition, the plaintiffs were
entitled to reasonable and personal notice of the sale intended.

It appears that neither notice to redeem, nor notice of the
sale, was given the plaintiffs, and it thus became optional with
them to treat such an unauthorized disposition of their proper-
ty, as the affidavits show has been made by the defendant, as

---

Fisher v. Merwin.

---

a wrongful conversion of it, and maintain an action of trover for its value. *Stearns* v. *Marsh*, 4 Denio 227. The papers submitted show that this is such an action.

Therefore, the motion to vacate the order of arrest must be denied.

From the order denying the motion, the defendant appealed to the General Term.

*Buckham, Van Cott & Bangs*, for appellants.

*Abbott & Fuller*, for respondent.

BY THE COURT.—BRADY, J.—In addition to the reasons assigned by Judge HILTON, in denying the motion to discharge the order of arrest in this case, it may be said that the cause of action is in tort, and that in such cases where the claim is sworn to positively, the order of arrest will not be disturbed on conflicting affidavits as to the right of action. The merits cannot be considered and disposed of upon affidavits.

The order of the Special Term must be affirmed with $10 costs.